**UNITED STATES of America,
Appellant,**

v.

**STATE OF NORTH CAROLINA, E. W. Jones, Commander, North Carolina State Highway Patrol, Jake Alexander, Secretary, North Carolina Department of Transportation and Highway Safety, Appellees.**

**No. 77–1614.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 7, 1978.

Decided Sept. 12, 1978.

---

**626**

Judith E. Wolf, Atty., Dept. of Justice, Washington, D. C. (Carl L. Tilghman, U.S. Atty., Raleigh, N. C.; Drew S. Days, III, Asst. Atty. Gen.; Walter W. Barnett, Atty., Dept. of Justice, Washington, D. C., on brief) for appellees.

Before BRYAN, Senior Circuit Judge, and WIDENER and HALL, Circuit Judges.

PER CURIAM:

The District Court on December 30, 1976 dismissed this action of the United States by the Attorney General to restrain the North Carolina State Highway Patrol from engaging in a pattern or practice of discriminating against blacks and women in employment opportunities with the Highway Patrol, as forbidden by Section 707, Title VII, Civil Rights Act, as amended in 1972. 42 U.S.C. §§ 2000e–2, 2000e–6(a). Basing his ruling on the statute as amended, the trial judge concluded that the Attorney General's functions, having been transferred to the Equal Employment Opportunity Commission, his authority to bring the suit ceased. 42 U.S.C. § 2000e–6(c). *United ed States v. State of North Carolina*, Civil Action No. 75–0328–Cir.–5 (E.D.N.C. Dec. 30, 1975).

However, since that decision the President—on February 23, 1978—submitted to Congress, "Reorganization Plan No. 1 of 1978." Section 5 of the Plan transfers to the Attorney General full and complete authority in the "initiation of litigation with respect to State or local government or political subdivisions" under Section 707 of the Act, 42 U.S.C. § 2000e–6. The Plan was approved by Congress and, by Executive Order of June 30, 1978, was made effective as of July 1, 1978.

Our duty is to apply the law as it is now written. *Bradley v. School Board of the City of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). The result will be to require reversal of the District Court's dismissal for want of authority to bring the suit as well as a remand of the action for further consideration of all other issues.

Reversed and Remanded.